1  DOUGLAS J. FARMER, CA Bar No. 139646
   douglas.farmer@ogletree.com
2  SARAH ZENEWICZ, CA Bar No. 258068
   sarah.zenewicz@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
4  Steuart Tower, Suite 1300
   One Market Plaza
5  San Francisco, CA  94105
   Telephone:  415.442.4810
6  Facsimile:  415.442.4870

7  Attorneys for Defendants
   IKEA NORTH AMERICA SERVICES,
8  LLC; IKEA US RETAIL LLC; AND IKEA
   DISTRIBUTION SERVICES, INC.

9

10             **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  KYREE WILSON, RHONDA                    Case No. 2:20-CV-09075
    GUERRERO, individually, and on behalf
    of other members of the general public  **DEFENDANTS' NOTICE OF
14  similarly situated,                      REMOVAL OF CIVIL ACTION TO
                                             FEDERAL COURT PURSUANT TO
15             Plaintiffs,                   28 U.S.C. §§ 1332, 1441, 1446 AND
                                             1453**
16        v.
                                             [Concurrently filed with Civil Cover
17  IKEA NORTH AMERICA SERVICES,             Sheet; Certification of Interested Parties
    LLC, an unknown business entity; IKEA    and Disclosure Statements; Declaration
18  US RETAIL LLC, an unknown business       of Christopher Blevins; and Notice of
    entity; IKEA DISTRIBUTION SERVICES       Related Case]
19  INC., an unknown business entity; and
    DOES 1 through 100, inclusive;           Complaint Filed:   June 4, 2020
20
               Defendants.
21

22

23

24

25

26

27

28

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** defendants IKEA North America Services, LLC ("IKEA North America"), IKEA US RETAIL LLC ("IKEA US RETAIL") and IKEA Distribution Services, Inc. ("IKEA Distribution") (collectively, "Defendants") remove this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  As discussed below, this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA").

## I.   PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

1.      On or about August 24, 2020, Plaintiffs Kyree Wilson and Rhonda Guerrero ("Plaintiffs") filed their Class Action Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled *Wilson v. IKEA North America Services, LLC*, Los Angeles Superior Court case number 20STCV32154 (the "State Court Action").

2.      A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice of Removal.  The Complaint alleges ten causes of action:  (1)Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of California Labor Code §§ 2800

and 2802 (Unreimbursed Business Expenses); (10) Violation of California Business & Professions Code § 17200, *et seq.*

3.     On September 2, 2020, Plaintiffs served Defendants with a copy of the Complaint, as well as other documents filed in the State Court Action.  A true and correct copy of the Summons to each of the Defendants is attached hereto as **Exhibits B, C and D**.  A true and correct copy of the other documents served by Plaintiffs with the Complaint and Summons is attached hereto as **Exhibit E**.

4.     Copies of all other process, pleadings, and orders served by Plaintiffs or filed in Los Angeles Superior Court are attached hereto as **Exhibit F**.

5.     Plaintiffs have not yet identified any of the fictitious "Doe" defendants identified in the Complaint and the citizenship of "Doe" defendants is disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

6.     A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As Defendant's registered agent for service of process were served with the summons and Complaint on September 6, 2019, this Notice of Removal is timely.  28 U.S.C. § 1446(b), *see* Fed. R. Civ. P. 6(a)(1)(C); *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 661 (S.D. W.Va. 2003) (removal petition was timely where 30th day after service fell on Thanksgiving and removal petition was filed the following day); *Johnson v. Harper*, 66 F.R.D. 103 (E.D. Tenn. 1975) (removal was timely where 30th day after service fell on a Saturday and removal was filed the following Monday).

## II.     <u>JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT</u>

7.     This action is one over which this Court has original jurisdiction under CAFA and is one which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1453, because the number of potential class members exceeds 100, the

parties are citizens of different states, and the amount in controversy exceeds the aggregate value of $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).[1]

A.   The Size of the Putative Class Exceeds 100 Members

8.   In their Complaint, Plaintiffs define the proposed class as follows:  "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California."  Ex. A, ¶ 16.

9.   Defendants' employment records show that there are over five thousand current and former employees of IKEA US RETAIL who fall within Plaintiffs' proposed class.  Declaration of Christopher Blevins ("Blevins Decl."), ¶ 3.

10.   Accordingly, the CAFA numerosity requirement is fulfilled because there are more than 100 class members implicated in Plaintiff's Complaint.  28 U.S.C. § 1332(d).

B.   The Diversity of Citizenship Requirement is Satisfied

11.   The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the Court need only find that there is diversity between one putative class member and one defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

12.   Citizenship of Defendant IKEA Distribution Services Inc.  Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the

---

[1] Defendants are the only named defendants in this matter and, thus, there are no other defendants to consent to removal.  Even so, an action may be removed by a single defendant under CAFA without the consent of the other defendants.  *See* 28 U.S.C. § 1453(a).

place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13.     IKEA Distribution is a Delaware Corporation with its principal place of business in Conshohocken, Pennsylvania.

14.     Thus, under 28 U.S.C. section 1332, IKEA Distribution is a citizen of Delaware and Pennsylvania and is not a citizen of California.

15.     <u>Citizenship of Defendants IKEA US RETAIL LLC and IKEA North America Services, LLC</u>.  Pursuant to 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

16.     IKEA US RETAIL is a Virginia limited liability company with its principal place of business in Conshohocken, Pennsylvania.

17.     IKEA North America is a Virginia limited liability company with its principal place of business in Conshohocken, Pennsylvania.

18.     Thus, under 28 U.S.C. section 1332, IKEA US RETAIL and IKEA North America are citizens of Virginia and Pennsylvania and are not citizens of California.

19.     <u>Citizenship of Plaintiffs</u>.  For diversity purposes, an individual is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

20.     The Complaint alleges that "Plaintiff KYREE WILSON is an individual residing in the State of California."  Ex. A at ¶ 5.  The Complaint also alleges that he is a member of a "California-based" class, which is defined as "current and former employees . . . who reside in California.' "  Ex. A at ¶ 16.  Likewise, Defendants'

employment records confirm that throughout his employment, Plaintiff Wilson provided a California home address.  Blevins Decl., ¶ 4.  Thus, Plaintiff Wilson is a citizen of the State of California and domiciled in California.

21.     The Complaint alleges that "Plaintiff RHONDA GUERRERO is an individual residing in the State of California."  Ex. A at ¶ 6.  The Complaint also alleges that he is a member of a "California-based" class, which is defined as "current and former employees . . . who reside in California.' "  Ex. A at ¶ 16.  Likewise, Defendants' employment records confirm that throughout her employment, Plaintiff Guerrero provided a California home address.  Blevins Decl., ¶ 4.  Thus, Plaintiff Guerrero is a citizen of the State of California and domiciled in California.

22.     Members of the proposed class, who by definition are or were employed in California, are presumed to be primarily citizens of the State of California.  *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("place of employment" an important factor weighing in favor of citizenship).  Thus, even if both Plaintiffs were somehow citizens of Pennsylvania or Virginia (and there is no evidence that either is), there is no possible way that the thousands of putative class members, all of whom worked in California (Ex. A, ¶ 16), were also citizens of Pennsylvania or Virginia.

23.     Accordingly, the minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because Defendants and Plaintiffs are citizens of different states.

C.     <u>The Amount in Controversy Exceeds an Aggregate of $5,000,000</u>

24.     Plaintiff has not alleged a specific amount in controversy in the Complaint.  In order to remove a class action pursuant to CAFA, the amount in controversy must exceed $5,000,000, and it is the removing party's burden to establish, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  To do so, the removing defendant must "produce

1    underlying facts showing only that it is *more likely than not* that the amount in

2    controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the

3    Complaint." *Muniz v. Pilot Travel Ctrs. LLC*, No. 2007 WL 1302504, at *5 (E.D.

4    Cal. May 1, 2007) (emphasis in original).

5         25.      In considering the evidence submitted by the removing defendant, the

6    Court must "look beyond the complaint to determine whether the putative class

7    action meets the [amount in controversy] requirements" adding "the potential claims

8    of the absent class members" and attorneys' fees. *Rodriguez*, 728 F.3d at 981 (citing

9    *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013)); *Guglielmino v. McKee*

10    *Foods Corp.*, 506 F.3d 696, 705 (9th Cir. 2007). Furthermore, "[i]n considering

11    whether the amount in controversy is clear from the face of the complaint, a court

12    must assume that the allegations of the complaint are true and that a jury will return a

13    verdict for the plaintiff on all claims made in the complaint." *Altamirano v. Shaw*

14    *Indus., Inc.*, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (citing *Korn v. Polo*

15    *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Muniz*,

16    2007 WL 1302504, at *3.

17         26.      While Defendant denies the validity of Plaintiff's claims and requests

18    for relief, and does not concede in any way that the allegations in the Complaint are

19    accurate, that Plaintiff's claims are amenable to classwide treatment, or that Plaintiff

20    or the purported class are entitled to any of the requested relief, the allegations in the

21    Complaint show it is more likely than not that the amount in controversy exceeds the

22    jurisdictional minimum. *See Guglielmino*, 506 F.3d at 700.

23         27.      In determining the amount in controversy to support its Notice of

24    Removal, Defendant relies here on a conservative estimate of the amount in

25    controversy based on damages and attorneys' fees sought by Plaintiff as a result of

26    the alleged: (1) unpaid overtime; (2) unpaid meal break premiums; and (3) unpaid

27    minimum wage.

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

1.   The Amount Placed in Controversy by Plaintiff's Unpaid Overtime Claim Exceeds $6,030,000

28.   In their First Cause of Action, Plaintiffs allege, "During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and other class members."  Ex. A, ¶ 57.  Plaintiffs also allege that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees in the State of California" and the "pattern and practice involved . . . failing to pay them for all . . . overtime wages earned[.]"  Ex. A, ¶ 29.  Finally, Plaintiffs allege that Defendants have "policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation[.]"  Ex. A, ¶ 118.

29.   Labor Code Section 1194(a) provides:  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this  . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

30.   Plaintiffs also allege that the unpaid overtime constitutes unfair competition within the meaning of the UCL (Ex. A, ¶¶ 118, 119) and therefore applicable statute of limitations for the unpaid overtime claim is four years.  Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

**31.**   Based on Defendants' records, the minimum number of putative class members at IKEA US RETAIL during the period from January 1, 2017, through December 31, 2019 is 5,000 and they worked at least 360,000 workweeks during that same period.  Blevins Decl., ¶ 3.  During 2017, the minimum wage rate in California

was $10.50, it rose to $11.00 in 2018, and to $12.00 in 2019.  IWC MW-2019, Minimum Wage Order.  Therefore, Defendant reasonably assumes that the overtime rate for putative class members in 2017 was at least $15.75, $16.50 in 2018 and $18.00 in 2019.

32.     Defendants' conservative calculation of the amount in controversy for Plaintiffs' unpaid overtime claim is **$6,030,000**, calculated as follows:

| Year | Overtime Rate | Workweeks | AIC |
|------|--------------|-----------|-----|
| 2017 | $15.75 | 120,000 | $1,890,000.00 |
| 2018 | $16.50 | 120,000 | $1,980,000.00 |
| 2019 | $18.00 | 120,000 | $2,160,000.00 |

33.     The above computation of the amount in controversy is based on conservative estimates that there was an average of one hour of unpaid overtime premium unpaid in 360,000 workweeks by putative class members during the class period and that that their pay rates were at least the applicable minimum wage. Blevins Decl., ¶ 3.

*34.*     Defendants' estimate of one unpaid hour of overtime during just a portion of the workweeks for a portion of the class during a portion of the putative class period is reasonable because an estimate of one hour of unpaid overtime for every week of work for every employee during a putative class period has been accepted by the federal courts as a reasonable and conservative figure for calculating the amount in controversy. *See Jasso v. Money Mart Express, Inc*., 2012 WL 699465, at *5-6 (N. D. Cal. Mar. 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy"); *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6-7 (C.D. Cal. May 9, 2011).  This is especially the case where, as here, Plaintiffs fail to provide specific allegations concerning the frequency of which he worked overtime without being provided the requisite compensation. *See*

*Byrd v. Masonite Corp.*, 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016).

        2.      <u>The Amount Placed in Controversy by Plaintiffs' Meal Break Claims Exceeds $4,020,000</u>

35.     In their Second Cause of Action, Plaintiffs allege that they "and the other class members . . . were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes," that they were also required to work more than six hours without meal periods, and that "Defendants intentionally and willfully required Plaintiffs and other class members to work during meal periods," and that Defendants did not pay meal period premiums. Ex. A, ¶¶ 65-67. Plaintiffs allege that Defendants had "policies and practices" requiring Plaintiffs and the putative class members to work during their meal periods. Ex. A, ¶ 118. Plaintiffs allege that this is a "pattern and practice of wage abuse" that "involved . . . failing to pay [putative class members] for all . . . missed meal periods." Ex. A, ¶ 29.

36.     Under California law, employees who miss meal periods are entitled to one hour of premium pay for each day that a meal or a rest period is missed. *See Marlo v. United Parcel Serv., Inc.*, 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009). Meal period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz*, 2007 WL 1302504, at *4; *Helm v. Alderwoods Grp., Inc.*, 008 WL 2002511, at *8 (N.D. Cal. May 7, 2008). Plaintiffs also allege that the failure to pay meal break premiums constitutes unfair competition within the meaning of the UCL (Ex. A, ¶ 118) and therefore applicable statute of limitations for the meal break claim is four years. Bus. & Prof. Code § 17208.

37.     Based on Defendants' records, the minimum number of putative class members at IKEA US RETAIL during the period from January 1, 2017, through December 31, 2019 is 5,000 and they worked at least 360,000 workweeks during that same period. Blevins Decl., ¶ 3. During 2017, the minimum wage rate in California was $10.50, it rose to $11.00 in 2018, and to $12.00 in 2019.

10

38.   Defendants' conservative calculation of the amount in controversy for Plaintiffs' meal break claims is **$4,020,000** calculated as follows:

| Year | Minimum Wage Rate | Workweeks | AIC |
|------|-------------------|-----------|-----|
| 2017 | $10.50 | 120,000 | $1,260,000.00 |
| 2018 | $11.00 | 120,000 | $1,320,000.00 |
| 2019 | $18.00 | 120,000 | $1,440,000.00 |

39.   The computation of the amount in controversy is based on conservative estimate of just one meal break violation in each of the 360,000 workweeks and that putative class members earned at least the applicable minimum wage.

40.   Defendants' estimate of one meal break premium during just a portion of the workweeks for a portion of the class during a portion of the putative class period is reasonable because a violation rate of one meal break violation per workweek for every putative class member for every workweek during a putative class action period is generally accepted as a reasonable and conservative assumption when calculation the amount in controversy for CAFA purposes.  *See, e.g.*, *Mendoza v. Savage Servs. Corp.*, 2019 WL 1260629, at *2 (C.D. Cal. Mar. 19, 2019) (holding in a case involving the same Plaintiff's counsel that "courts in [the Central District] routinely apply a 20% violation rate—that is, one missed mean and rest period per work week—for meal and rest period premiums"); *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *4 (C.D. Cal. Feb. 5, 2018) (finding defendants assumption that class members missed two meal periods and two rest periods each per week based on allegations of "a company-wide policy and/or practice of understaffing" was reasonable); *Stanley v. Distribution Alts., Inc.*, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (accepting assumed violation rates of "three missed rest breaks, and three missed meal breaks per week" where the complaint offered no guidance as to the frequency of the alleged violations); *Alvarez v. Office*

*Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (finding 60% violation rate reasonable where the complaint "alleges a uniform practice of meal and rest period violations."); *Francisco v. Emeritus Corp.*, 2017 WL 2541401, at *6 (C.D. Cal. June 12, 2017) (finding defendants' estimation of one violation per work week for both meal and rest breaks reasonable and conservative because plaintiff alleged violations occurred as "a pattern and practice"); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016) (court found defendant's assumption that each putative class member missed one meal break and one rest period per workweek based on policy and practice allegations reasonable).

> 3.   The Amount Placed in Controversy by Plaintiffs' Unpaid Minimum Wage Claim Exceeds $8,040,000

41.   In their Fourth Cause of Action, Plaintiffs allege "Defendants failed to pay minimum wages to Plaintiff and other class members as required[.]"  Ex. A, ¶ 82.  They seek to recover the unpaid minimum wage and "liquidated damages in an amount equal to the wages unlawfully unpaid[.]"  Ex. A, ¶¶ 85.  Plaintiffs allege that the failure to pay minimum wage is part of a "pattern and practice of wage abuse" and that Defendant have "policies and practices of failing to pay minimum wage."  Ex. A, ¶¶ 29, 118.

42.   Labor Code section 1194(a) provides:  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . , including interest thereon, reasonable attorney's fees, and costs of suit."  Labor Code section 1194.2 provides that in any action "to recover wages because of the payment of a wage less than the minimum wage . . .  an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid[.]"

43.   Plaintiffs also allege that the failure to pay minimum wage constitutes unfair competition within the meaning of the UCL (Ex. A, ¶ 118) and therefore

applicable statute of limitations for the minimum wage claim is four years.  Bus. & Prof. Code § 17208.

44.     Based on Defendants' records, the minimum number of putative class members at IKEA US RETAIL during the period from January 1, 2017, through December 31, 2019 is 5,000 and they worked at least 360,000 workweeks during that same period.  Blevins Decl., ¶ 3.  During 2017, the minimum wage rate in California was $10.50, it rose to $11.00 in 2018, and to $12.00 in 2019.

45.     Defendant's conservative calculation of the amount in controversy for Plaintiff's unpaid minimum wage claim is **$8,040,000**, which includes $4,020,000 in unpaid minimum wages and $4,020,000 in liquidated damages, calculated as follows:

| Year | Minimum Wage Rate | Workweeks | AIC |
|------|-------------------|-----------|-----|
| 2017 | $10.50 | 120,000 | $2,520,000.00 |
| 2018 | $11.00 | 120,000 | $2,640,000.00 |
| 2019 | $18.00 | 120,000 | $2,880,000.00 |

46.     The computation of the amount in controversy is based on conservative estimate of just one hour of unpaid overtime on average during the 360,000 workweeks and that putative class members earned at least the applicable minimum wage.  Defendants' estimate of one unpaid hour of minimum wage in controversy during just a portion of the workweeks for a portion of the class during a portion of the putative class period is reasonable and conservative.

4.     Attorneys' Fees

47.     Plaintiffs seek to recover attorneys' fees on behalf of the putative class on their claims for unpaid overtime, unpaid minimum wage and meal break violations.  Ex. A, ¶¶ 59, 83, 121; Prayer for Relief ¶ 8, 15, 27, 56.  Attorneys' fees may properly be included in determining the amount in controversy.  *See, e.g.*,

*Lowdermilk v. US Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007) (holding that statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

48.    For class actions, 25% of the common fund is a benchmark rate for attorneys' fees in this Circuit. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *see also Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.).

49.    Twenty-five percent of the total potential award for just three years of the overtime, unpaid minimum wage and meal break penalty claims outlined above is $4,522,500.

### 5.    Summary of the Amount Placed In Controversy

50.    As described above, a reasonable and conservative estimate of the amount placed in controversy by Plaintiffs' claims for unpaid overtime, meal break premiums, and unpaid minimum wages exceeds $5,000,000.

| Claim | Amount in Controversy |
|---|---|
| Unpaid Overtime Claim | $6,030,000 |
| Meal Break Claim | $4,020,000 |
| Unpaid Minimum Wage Claim | $8,040,000 |
| Attorneys' Fees | $4,522,500 |
| **Total** | **$22,612,500** |

51.    Consequently, the amount placed in controversy by Plaintiff's claims

exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

## III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1146 ARE SATISFIED

52.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Los Angeles County Superior Court is located within the Central District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

53.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

54.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiffs, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Notice of compliance shall be filed promptly afterwards with this Court.

55.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendants concurrently filed their Certificate of Interested Parties.

WHEREFORE, Defendants removes the above-captioned action to the United States District Court for the Central District of California.

DATED:  October 2, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  */s/ Sarah Zenewicz*
Douglas J. Farmer
Sarah Zenewicz

Attorneys for Defendants
IKEA NORTH AMERICA SERVICES, LLC; IKEA US RETAIL LLC; AND IKEA DISTRIBUTION SERVICES, INC.

44275247.2

Case No. 2:20-CV-09075
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

EXHIBIT A

55c – 6

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

**AUG 24 2020**

Sherri R. Carter, Executive Officer/Clerk of Court
By____S. DREW____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

KYREE WILSON, RHONDA GUERRERO, individually, and on behalf of other members of the general public similarly situated

Plaintiffs,

vs.

IKEA NORTH AMERICA SERVICES, LLC, an unknown business entity; IKEA US RETAIL LLC, an unknown business entity; IKEA DISTRIBUTION SERVICES INC.; an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.: **20STCV32154**

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

EXH A pg. 1

17

COMES NOW, Plaintiffs KYREE WILSON ("Plaintiff WILSON"), and RHONDA GUERRERO ("Plaintiff GUERRERO" and collectively with Plaintiff WILSON as "Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

### JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiffs, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendants maintai offices, have agents, employs individuals, and/or transact business in the State of California, County of Los Angeles.  The majority of acts and omissions alleged herein relating to Plaintiffs and the other class members took place in the State of California, including the County of Los Angeles.

### PARTIES

5.     Plaintiff KYREE WILSON is an individual residing in the State of California, County of Los Angeles.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1       6.    Plaintiff RHONDA GUERRERO is an individual residing in the State of

2   California, County of Los Angeles.

3       7.    Defendant IKEA NORTH AMERICA SERVICES, LLC, at all times herein

4   mentioned, was and is, upon information and belief, an employer whose employees are

5   engaged throughout the State of California, including the County of Los Angeles.

6       8.    Defendant IKEA US RETAIL LLC, at all times herein mentioned, was and

7   is, upon information and belief, an employer whose employees are engaged throughout the

8   State of California, including the County of Los Angeles.

9       9.    Defendant IKEA DISTRIBUTION SERVICES INC., at all times herein

10  mentioned, was and is, upon information and belief, an employer whose employees are engaged

11  throughout the State of California, including the County of Los Angeles.

12      10.    At all relevant times, Defendants IKEA NORTH AMERICA SERVICES, LLC,

13  IKEA US RETAIL LLC, and IKEA DISTRIBUTION SERVICES INC. were the "employer" of

14  Plaintiffs within the meaning of all applicable California laws and statutes.

15      11.    At all times herein relevant, Defendants IKEA NORTH AMERICA SERVICES,

16  LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through

17  100, and each of them, were the agents, partners, joint venturers, joint employers,

18  representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns,

19  each of the other, and at all times relevant hereto were acting within the course and scope of

20  their authority as such agents, partners, joint venturers, joint employers, representatives,

21  servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions

22  alleged herein were duly committed with the ratification, knowledge, permission,

23  encouragement, authorization and/or consent of each defendant designated as a DOE herein.

24      12.    The true names and capacities, whether corporate, associate, individual or

25  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue

26  said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on

27  that information and belief allege, that each of the defendants designated as a DOE is legally

28  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

EXH A pg. 3

19

08/25/2020

1   the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint.

2   Plaintiffs will seek leave of court to amend this Complaint to show the true names and

3   capacities when the same have been ascertained.

4       13.    Defendants IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL

5   LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100 will hereinafter

6   collectively be referred to as "Defendants."

7       14.    Plaintiffs further allege that Defendants directly or indirectly controlled or

8   affected the working conditions, wages, working hours, and conditions of employment of

9   Plaintiffs and the other class members so as to make each of said Defendants employers liable

10  under the statutory provisions set forth herein.

11                          **CLASS ACTION ALLEGATIONS**

12      15.    Plaintiffs bring this action on their own behalf and on behalf of all other

13  members of the general public similarly situated, and, thus, seeks class certification under

14  California Code of Civil Procedure section 382.

15      16.    The proposed class is defined as follows:

16          All current and former hourly-paid or non-exempt employees who worked for

17          any of the Defendants within the State of California at any time during the

18          period from four years preceding the filing of this Complaint to final judgment

19          and who reside in California.

20      17.    Plaintiffs reserve the right to establish subclasses as appropriate.

21      18.    The class is ascertainable and there is a well-defined community of interest in

22  the litigation:

23          a.     Numerosity: The class members are so numerous that joinder of all class

24                 members is impracticable.  The membership of the entire class is

25                 unknown to Plaintiffs at this time; however, the class is estimated to be

26                 greater than fifty (50) individuals and the identity of such membership is

27                 readily ascertainable by inspection of Defendants' employment records.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

b.   <u>Typicality</u>: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c.   <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

19.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

///

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

d.  Whether Defendants deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

f.  Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

h.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.  Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.  Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

k.      Whether Defendants' conduct was willful or reckless;

l.      Whether Defendants engaged in unfair business practices in violation of
California Business & Professions Code section 17200, et seq.;

m.      The appropriate amount of damages, restitution, and/or monetary
penalties resulting from Defendants' violation of California law; and

n.      Whether Plaintiffs and the other class members are entitled to
compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

20.     At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

21.     Defendants, jointly and severally, employed Plaintiff WILSON as an hourly-paid, non-exempt employee, from approximately May 2019 to approximately September 2019, in the State of California, County of Los Angeles.

22.     Defendants, jointly and severally, employed Plaintiff GUERRERO as an hourly-paid, non-exempt employee, from approximately November 2018 to approximately November 2019, in the State of California, County of Los Angeles [if same as venue].

23.     Defendants hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

24.     Defendants had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

25.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

26.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

27.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

28.    Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

29.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

30.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

31.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

32.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

33.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

1   periods or payment of one additional hour of pay at Plaintiffs' and the other class members'

2   regular rate of pay when a rest period was missed.

3       34.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

4   knew or should have known that Plaintiffs and the other class members were entitled to receive

5   at least minimum wages for compensation and that they were not receiving at least minimum

6   wages for all hours worked.

7       35.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

8   knew or should have known that Plaintiffs and the other class members were entitled to receive

9   all wages owed to them upon discharge or resignation, including overtime and minimum wages

10   and meal and rest period premiums, and they did not, in fact, receive all such wages owed to

11   them at the time of their discharge or resignation.

12       36.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

13   knew or should have known that Plaintiffs and the other class members were entitled to receive

14   all wages owed to them during their employment.  Plaintiffs and the other class members did

15   not receive payment of all wages, including overtime and minimum wages and meal and rest

16   period premiums, within any time permissible under California Labor Code section 204.

17       37.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

18   knew or should have known that Plaintiffs and the other class members were entitled to receive

19   complete and accurate wage statements in accordance with California law but, in fact, they did

20   not receive complete and accurate wage statements from Defendants.  The deficiencies

21   included, *inter alia*, the failure to include the total number of hours worked by Plaintiffs and

22   the other class members.

23       38.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

24   knew or should have known that Defendants had to keep complete and accurate payroll records

25   for Plaintiffs and the other class members in accordance with California law, but, in fact, did

26   not keep complete and accurate payroll records.

27   ///

28   ///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

39.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

41.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all overtime hours worked.  Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

42.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

43.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

44.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

45.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

46.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

47.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

48.     During the relevant time period, Defendants failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

49.     During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

50.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)

51.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

53.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

55.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

2  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

3  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

4  of work.

5       56.    During the relevant time period, Plaintiffs and the other class members worked

6  in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

7       57.    During the relevant time period, Defendants intentionally and willfully failed to

8  pay overtime wages owed to Plaintiffs and the other class members.

9       58.    Defendants' failure to pay Plaintiffs and the other class members the unpaid

10  balance of overtime compensation, as required by California laws, violates the provisions of

11  California Labor Code sections 510 and 1198, and is therefore unlawful.

12       59.    Pursuant to California Labor Code section 1194, Plaintiffs and the other class

13  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

14  attorneys' fees.

15  **SECOND CAUSE OF ACTION**

16  **(Violation of California Labor Code §§ 226.7 and 512(a))**

17  **(Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC,**

18  **IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)**

19       60.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

20  through 59, and each and every part thereof with the same force and effect as though fully set

21  forth herein.

22       61.    At all relevant times, the IWC Order and California Labor Code sections 226.7

23  and 512(a) were applicable to Plaintiffs' and the other class members' employment by

24  Defendants.

25       62.    At all relevant times, California Labor Code section 226.7 provides that no

26  employer shall require an employee to work during any meal or rest period mandated by an

27  applicable order of the California IWC.

28  ///

12

63.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

64.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

67.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

68.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

69.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

70.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein.

72.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

73.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

74.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

75.     During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

76.     During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

77.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

78.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

79.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)

80.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

82.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

83.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

84.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

85.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)

86.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    88.    During the relevant time period, Defendants intentionally and willfully failed to

2    pay Plaintiffs and the other class members who are no longer employed by Defendants their

3    wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

4    89.    Defendants' failure to pay Plaintiffs and the other class members who are no

5    longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

6    hours of their leaving Defendants' employ, is in violation of California Labor Code sections

7    201 and 202.

8    90.    California Labor Code section 203 provides that if an employer willfully fails to

9    pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

10   shall continue as a penalty from the due date thereof at the same rate until paid or until an

11   action is commenced; but the wages shall not continue for more than thirty (30) days.

12   91.    Plaintiffs and the other class members are entitled to recover from Defendants

13   the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

14   pursuant to California Labor Code section 203.

15                          **SIXTH CAUSE OF ACTION**

16                   **(Violation of California Labor Code § 204)**

17      **(Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC,**

18              **IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)**

19   92.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

20   through 91, and each and every part thereof with the same force and effect as though fully set

21   forth herein.

22   93.    At all times herein set forth, California Labor Code section 204 provides that all

23   wages earned by any person in any employment between the 1st and 15th days, inclusive, of

24   any calendar month, other than those wages due upon termination of an employee, are due and

25   payable between the 16th and the 26th day of the month during which the labor was

26   performed.

27   94.    At all times herein set forth, California Labor Code section 204 provides that all

28   wages earned by any person in any employment between the 16th and the last day, inclusive,

1  of any calendar month, other than those wages due upon termination of an employee, are due

2  and payable between the 1st and the 10th day of the following month.

3       95.    At all times herein set forth, California Labor Code section 204 provides that all

4  wages earned for labor in excess of the normal work period shall be paid no later than the

5  payday for the next regular payroll period.

6       96.    During the relevant time period, Defendants intentionally and willfully failed to

7  pay Plaintiffs and the other class members all wages due to them, within any time period

8  permissible under California Labor Code section 204.

9       97.    Plaintiffs and the other class members are entitled to recover all remedies

10  available for violations of California Labor Code section 204.

11                     **SEVENTH CAUSE OF ACTION**

12                  **(Violation of California Labor Code § 226(a))**

13      **(Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC,**

14          **IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)**

15      98.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

16  through 97, and each and every part thereof with the same force and effect as though fully set

17  forth herein.

18      99.    At all material times set forth herein, California Labor Code section 226(a)

19  provides that every employer shall furnish each of his or her employees an accurate itemized

20  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

21  (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

22  on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

23  the employee may be aggregated and shown as one item, (5) net wages earned, (6) the

24  inclusive dates of the period for which the employee is paid, (7) the name of the employee and

25  his or her social security number, (8) the name and address of the legal entity that is the

26  employer, and (9) all applicable hourly rates in effect during the pay period and the

27  corresponding number of hours worked at each hourly rate by the employee.  The deductions

28  made from payments of wages shall be recorded in ink or other indelible form, properly dated,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   showing the month, day, and year, and a copy of the statement or a record of the deductions

2   shall be kept on file by the employer for at least three years at the place of employment or at a

3   central location within the State of California.

4        100.    Defendants have intentionally and willfully failed to provide Plaintiffs and the

5   other class members with complete and accurate wage statements.  The deficiencies include,

6   but are not limited to: the failure to include the total number of hours worked by Plaintiffs and

7   the other class members.

8        101.    As a result of Defendants' violation of California Labor Code section 226(a),

9   Plaintiffs and the other class members have suffered injury and damage to their statutorily-

10  protected rights.

11       102.    More specifically, Plaintiffs and the other class members have been injured by

12  Defendants' intentional and willful violation of California Labor Code section 226(a) because

13  they were denied both their legal right to receive, and their protected interest in receiving,

14  accurate and itemized wage statements pursuant to California Labor Code section 226(a).

15       103.    Plaintiffs and the other class members are entitled to recover from Defendants

16  the greater of their actual damages caused by Defendants' failure to comply with California

17  Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

18  employee.

19       104.    Plaintiffs and the other class members are also entitled to injunctive relief to

20  ensure compliance with this section, pursuant to California Labor Code section 226(h).

21                          **EIGHTH CAUSE OF ACTION**

22                  **(Violation of California Labor Code § 1174(d))**

23       **(Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC,**

24           **IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)**

25       105.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

26  through 104, and each and every part thereof with the same force and effect as though fully set

27  forth herein.

28  ///

08/25/2020

106. Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

107. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

108. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

109. More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC, IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)

110. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

112.    Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

113.    Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

114.    Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against IKEA NORTH AMERICA SERVICES, LLC, IKEA US RETAIL LLC,**

**IKEA DISTRIBUTION SERVICES INC., and DOES 1 through 100)**

115.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

116.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

118.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and

1  rest periods without paying them proper compensation violate California Labor Code sections

2  226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate

3  California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and

4  practices of failing to timely pay wages to Plaintiffs and the other class members violate

5  California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor

6  Code sections 226(a), 1174(d), 2800 and 2802.

7      119.    As a result of the herein described violations of California law, Defendants

8  unlawfully gained an unfair advantage over other businesses.

9      120.    Plaintiffs and the other class members have been personally injured by

10  Defendants' unlawful business acts and practices as alleged herein, including but not

11  necessarily limited to the loss of money and/or property.

12      121.    Pursuant to California Business & Professions Code sections 17200, et seq.,

13  Plaintiffs and the other class members are entitled to restitution of the wages withheld and

14  retained by Defendants during a period that commences four years preceding the filing of this

15  Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section

16  1021.5 and other applicable laws; and an award of costs.

17              **DEMAND FOR JURY TRIAL**

18      Plaintiff ONE, individually, and on behalf of other members of the general public

19  similarly situated, and Plaintiff TWO, individually, and on behalf of other members of the

20  general public similarly situated, request a trial by jury.

21              **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiff ONE, individually, and on behalf of other members of the

23  general public similarly situated, and Plaintiff TWO, individually, and on behalf of other

24  members of the general public similarly situated, pray for relief and judgment against

25  Defendants, jointly and severally, as follows:

26              **Class Certification**

27  1.    That this action be certified as a class action;

28  2.    That Plaintiffs be appointed as the representatives of the Class;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1       3.      That counsel for Plaintiffs be appointed as Class Counsel; and

2       4.      That Defendants provide to Class Counsel immediately the names and most

3 current/last known contact information (address, e-mail and telephone numbers) of all class

4 members.

### As to the First Cause of Action

6       5.      That the Court declare, adjudge and decree that Defendants violated California

7 Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

8 all overtime wages due to Plaintiffs and the other class members;

9       6.      For general unpaid wages at overtime wage rates and such general and special

10 damages as may be appropriate;

11     7.      For pre-judgment interest on any unpaid overtime compensation commencing

12 from the date such amounts were due;

13     8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14 California Labor Code section 1194; and

15     9.      For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

17    10.    That the Court declare, adjudge and decree that Defendants violated California

18 Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

19 provide all meal periods (including second meal periods) to Plaintiffs and the other class

20 members;

21    11.    That the Court make an award to Plaintiffs and the other class members of one

22 (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

23 period was not provided;

24    12.    For all actual, consequential, and incidental losses and damages, according to

25 proof;

26    13.    For premium wages pursuant to California Labor Code section 226.7(c);

27    14.    For pre-judgment interest on any unpaid wages from the date such amounts

28 were due;

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15.     For reasonable attorneys' fees and costs of suit incurred herein; and

16.     For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18.     That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages. according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiffs and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

40. For actual, consequential and incidental losses and damages, according to proof;

41. For statutory penalties pursuant to California Labor Code section 226(e);

42. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

45. For actual, consequential and incidental losses and damages, according to proof;

46. For statutory penalties pursuant to California Labor Code section 1174.5; and

47. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

48. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49. For actual, consequential and incidental losses and damages, according to proof;

50. For the imposition of civil penalties and/or statutory penalties;

51. For reasonable attorneys' fees and costs of suit incurred herein; and

52. For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members'

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

08/25/2020

1 | wages timely as required by California Labor Code section 201, 202 and 204 and by violating
2 | California Labor Code sections 226(a), 1174(d), 2800 and 2802.

3 |     54.    For restitution of unpaid wages to Plaintiffs and all the other class members and
4 | all pre-judgment interest from the day such amounts were due and payable;

5 |     55.    For the appointment of a receiver to receive, manage and distribute any and all
6 | funds disgorged from Defendants and determined to have been wrongfully acquired by
7 | Defendants as a result of violation of California Business and Professions Code sections
8 | 17200, et seq.;

9 |     56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
10 | California Code of Civil Procedure section 1021.5;

11 |     57.    For injunctive relief to ensure compliance with this section, pursuant to
12 | California Business and Professions Code sections 17200, et seq.; and

13 |     58.    For such other and further relief as the Court may deem just and proper.

14 | Dated: August 21, 2020              **LAWYERS** *for* **JUSTICE, PC**

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiffs

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EXHIBIT B

SEP ۱ 2 2020

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IKEA NORTH AMERICA SERVICES, LLC, an unknown business
entity; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KYREE WILSON, RHONDA GUERRERO, individually, and on behalf
of other members of the general public similarly situated;

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 4 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Superior Court of the State of California for the County of Los Angeles <br> Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso)* <br> **20STCV32154** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 West Arden Avenue, Suite 203, Glendale, California 91203; (818) 265-1020

| DATE: **AUG 2 4 2020** | **Sherri R. Carter, Clerk** | Clerk, by | **STEVEN DREW** | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ikea North America services LCC

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☒ other *(specify):* LCC     SEP 0 2 2020
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

EXH B pg. 1

45

SUM-200(A)

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

IKEA US RETAIL LLC, an unknown business entity; IKEA DISTRIBUTION SERVICES INC.; an unknown business entity; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXH B pg. 2

46

# EXHIBIT C

SEP 0 2 2020

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IKEA NORTH AMERICA SERVICES, LLC, an unknown business
entity; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KYREE WILSON, RHONDA GUERRERO, individually, and on behalf
of other members of the general public similarly situated;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 24 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER: <br> *(Número del Caso)* **20STCV32154** |
|---|---|

Superior Court of the State of California for the County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 West Arden Avenue, Suite 203, Glendale, California 91203; (818) 265-1020

| DATE: **AUG 24 2020** <br> *(Fecha)* | Sherri R. Carter, Clerk | Clerk, by <br> *(Secretario)* | **STEVEN DREW** | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Ikea US Retail LLC*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* SEP 0 2 2020

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

EXH C pg. 1

**SUM-200(A)**

| SHORT TITLE:<br> Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

IKEA US RETAIL LLC, an unknown business entity; IKEA DISTRIBUTION SERVICES INC.; an unknown business entity; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXH C pg. 2

49

EXHIBIT D

SEP 0 2 2020

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IKEA NORTH AMERICA SERVICES, LLC, an unknown business
entity; "Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KYREE WILSON, RHONDA GUERRERO, individually, and on behalf
of other members of the general public similarly situated;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 2 4 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| | CASE NUMBER: *(Número del Caso)* |
|---|---|
| | 20STCV32154 |

Superior Court of the State of California for the County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian; 410 West Arden Avenue, Suite 203, Glendale, California 91203; (818) 265-1020

DATE: AUG 2 4 2020      Sherri R. Carter, Clerk      Clerk, by **STEVEN DREW** , Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* *Ikea US Retail LLC*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* SEP 0 2 2020

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

EXH D pg. 1

SUM-200(A)

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

IKEA US RETAIL LLC, an unknown business entity; IKEA DISTRIBUTION SERVICES INC.; an unknown business entity; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT E

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
— Edwin Aiwazian (State Bar No. 232943)
LAWYERS FOR JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020     FAX NO.: (818) 265-1021
ATTORNEY FOR *(Name)*: Plaintiffs Kyree Wilson and Rhonda Guerrero

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Wilson, et al. vs. Ikea North America Services, LLC, et al.

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

AUG 24 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ S. DREW _____ Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20STCV32154 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: Ten
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 21, 2020
Edwin Aiwazian
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXH. E pg. 2

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
EXH. E pg. 3
56

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER |
|---|---|
| | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXH. E pg. 4

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXH. E pg. 5
58

| SHORT TITLE: Wilson, et al. vs. Ikea North America Services, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:                                                        | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11.     | 600 S Ikea Way |

| CITY: | STATE: | ZIP CODE: |  |
|---|---|---|---|
| Burbank | CA | 91502 |  |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 21, 2020 _____

_____(signature)_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXH. E pg. 6
59

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/24/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ S. Drew _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV32154 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elihu M. Berle | 6 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      Sherri R. Carter, Executive Officer / Clerk of Court

on 08/24/2020                                      By S. Drew _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

EXH. E pg. 7

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

EXH. E pg. 8

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What Is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)
Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15) | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |
| LASC Approved 04/11 | | |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXH. E pg. 15

68

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXH. E pg. 16

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference.
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:                      FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**
For Optional Use                                                                              Page 1 of 2

EXH. E pg. 18

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

EXH. E pg. 19

EXHIBIT F

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**Edwin Aiwazian SBN 232943**<br>**Lawyers For Justice, PC**<br>**410 Arden Ave 203**<br>**Glendale, CA 91203**<br>TELEPHONE NO.: **(818) 265-1020**   FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*   **Plaintiff Kyree Wilson** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>   STREET ADDRESS: 111 N Hill St.<br>   MAILING ADDRESS: 111 N Hill St.<br>   CITY AND ZIP CODE: Los Angeles, CA 90012<br>   BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| PLAINTIFF/PETITIONER: Kyree Wilson, individually, and on behalf of other members of<br>the general public similarly situated<br><br>DEFENDANT/RESPONDENT: Ikea North America Services, LLC, an unknown business entity | CASE NUMBER:<br>20STCV32154 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Ikea |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; ADR Information Packet;***
   ***Voluntary Efficient Litigation Stipulation;***

3. a. Party served *(specify name of party as shown on documents served): **Ikea North America Services, LLC, an unknown***
   ***business entity***

   b. ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
   item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Gabriela Sanchez, Authorized to Accept Service for CT Corporation System**

4. Address where the party was served: ***818 W 7th St Ste 930  Los Angeles, CA 90017***

5. I served the party *(check proper box)*

   a. ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
   service of process for the party (1) on: **9/2/2020** (2) at: **01:36 PM**

   b. ☐  **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or
   relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
      the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
      place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual
      mailing address of the person to be served, other than a United States Postal Service post office box. I
      informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
      the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
      on:     from:     or ☐ a declaration of mailing is attached.

Page 1 of 3

**PROOF OF SERVICE OF SUMMONS**

Invoice # 3815102-01

EXH F pg. 1

| PLAINTIFF/PETITIONER: Kyree Wilson, individually, and on behalf of other members of the general public similarly situated<br><br>DEFENDANT/RESPONDENT: Ikea North America Services, LLC, an unknown business entity | CASE NUMBER: 20STCV32154 |
|---|---|

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on:            (2) from:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   ☐ as an individual defendant.
  b.   ☐ as the person sued under the fictitious name of *(specify):*
  c.   ☐ as occupant.
  d.   ☒ On behalf of *(specify):* **Ikea North America Services, LLC, an unknown business entity** under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☒ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                 ☐ other:

7.   **Person who served papers**
  a.   Name: **Bruce Anderson**
  b.   Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
  c.   Telephone number: **800-687-5003**
  d.   The fee for service was: **$110.00**
  e.   I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
       (i) ☐ owner    ☐ employee    ☒ independent contractor.
       (ii) Registration No.: **2016038577**
       (iii) County: **Los Angeles**

| PLAINTIFF/PETITIONER: | Kyree Wilson, individually, and on behalf of other members of the general public similarly situated | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ikea North America Services, LLC, an unknown business entity | 20STCV32154 |

8. [×] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Bruce Anderson                               Date: **09/04/2020**

---

**PROOF OF SERVICE OF SUMMONS**
Invoice#: 3815102-01

EXH F pg. 3

1

## PROOF OF SERVICE

2

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

5

6

On September 4, 2020, I served the foregoing document(s) described as: **PROOF OF SERVICE OF SUMMONS [IKEA NORTH AMERICA SERVICES, LLC]** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

7

8

9

IKEA NORTH AMERICA SERVICES, LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

10

11

IKEA US RETAIL LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

12

13

IKEA DISTRIBUTION SERVICES INC.
818 West 7th Street, Suite 930
Los Angeles, California 90017

14

15

16

**[X]   BY U.S. MAIL**
As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

17

18

19

20

**[X]   STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

Executed on September 4, 2020, at Glendale, California.

23

24

25



Valerie Palomo

26

27

28

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**Edwin Aiwazian SBN 232943**<br>**Lawyers For Justice, PC**<br>**410 Arden Ave 203**<br>**Glendale, CA 91203**<br>TELEPHONE NO.: **(818) 265-1020**     FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*     **Plaintiff Kyree Wilson** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>   STREET ADDRESS: 111 N Hill St.<br>   MAILING ADDRESS: 111 N Hill St.<br>   CITY AND ZIP CODE: Los Angeles, CA 90012<br>   BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|

| PLAINTIFF/PETITIONER: Kyree Wilson; individually, and on behalf of other members of<br>the general public similarly situated<br><br>DEFENDANT/RESPONDENT: Ikea North America Services, LLC, an unknown business entity | CASE NUMBER:<br>20STCV32154 |
|---|---|

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Ikea |
|---|---|

(Separate proof of service is required for each party served.)

1.     At the time of service I was at least 18 years of age and not a party to this action.

2.     I served copies of: *Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; ADR Information Packet;*
       *Voluntary Efficient Litigation Stipulation;*

3.     a. Party served *(specify name of party as shown on documents served): Ikea Distribution Services Inc.; an unknown business*
         *entity*

       b. [ x ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
            item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
            **Gabriel Sanchez; Authorized to Accept Service for CT Corporation System**

4.     Address where the party was served: *818 W 7th St Ste 930  Los Angeles, CA 90017*

5.     I served the party *(check proper box)*

       a. [ x ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
            service of process for the party (1) on: *9/2/2020* (2) at: **01:36 PM**

       b. [   ]  **by substituted service.** On: at:  I left the documents listed in item 2 with or in the presence of *(name and title or*
            *relationship to person indicated in item 3):*

            (1) [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
                 the person to be served. I informed him or her of the general nature of the papers.

            (2) [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                 place of abode of the party. I informed him or her of the general nature of the papers.

            (3) [   ]  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual
                 mailing address of the person to be served, other than a United States Postal Service post office box. I
                 informed him or her of the general nature of the papers.

            (4) [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                 the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                 on:      from:      **or** [   ]  a declaration of mailing is attached.

POS-010 [Rev. January 1, 2007]     **PROOF OF SERVICE OF SUMMONS**

Invoice # 3815102-03

EXH F pg. 5
78

| PLAINTIFF/PETITIONER: Kyree Wilson, individually, and on behalf of other members of the general public similarly situated | CASE NUMBER: 20STCV32154 |
|---|---|
| DEFENDANT/RESPONDENT: Ikea North America Services, LLC, an unknown business entity | |

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:        (2) from:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* **Ikea Distribution Services Inc.; an unknown business entity** under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)     ☒ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)     ☐ 415.46 (occupant)
          ☐ other:

7. **Person who served papers**
  a. Name: **Bruce Anderson**
  b. Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
  c. Telephone number: **800-687-5003**
  d. **The fee** for service was: **$110.00**
  e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
    (i) ☐ owner ☐ employee ☒ independent contractor.
    (ii) Registration No.: **2016038577**
    (iii) County: **Los Angeles**

| PLAINTIFF/PETITIONER: | Kyree Wilson, individually, and on behalf of other members of the general public similarly situated | CASE NUMBER: 20STCV32154 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ikea North America Services, LLC, an unknown business entity | |

8.  [x]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Bruce Anderson**                                   Date: **09/04/2020**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: 3815102-03

EXH F pg. 7

# PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On September 4, 2020, I served the foregoing document(s) described as: **PROOF OF SERVICE OF SUMMONS [IKEA DISTRIBUTION SERVICES INC.]** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

IKEA NORTH AMERICA SERVICES, LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

IKEA US RETAIL LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

IKEA DISTRIBUTION SERVICES INC.
818 West 7th Street, Suite 930
Los Angeles, California 90017

**[X]    BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**[X]    STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 4, 2020, at Glendale, California.



Valerie Palomo

2

EXH F pg. 8

81

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**Edwin Aiwazian SBN 232943**<br>**Lawyers For Justice, PC**<br>**410 Arden Ave 203**<br>**Glendale, CA 91203**<br>TELEPHONE NO.: **(818) 265-1020**          FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*     **Plaintiff Kyree Wilson** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>  STREET ADDRESS:  111 N Hill St.<br>  MAILING ADDRESS:  111 N Hill St.<br>  CITY AND ZIP CODE:  Los Angeles, CA 90012<br>  BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|

| PLAINTIFF/PETITIONER:  Kyree Wilson, individually, and on behalf of other members of<br>the general public similarly situated<br><br>DEFENDANT/RESPONDENT:  Ikea North America Services, LLC, an unknown business entity | CASE NUMBER:<br>20STCV32154 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Ikea |

(Separate proof of service is required for each party served.)

1.     At the time of service I was at least 18 years of age and not a party to this action.

2.     I served copies of:  *Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment; ADR Information Packet;*
       *Voluntary Efficient Litigation Stipulation;*

3.     a.  Party served *(specify name of party as shown on documents served): Ikea US Retail LLC, an unknown business entity*

       b.  [✗]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
              item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
              **Gabriela Sanchez, Authorized to Accept Service for CT Corporation System**

4.     Address where the party was served: *818 W 7th St Ste 930  Los Angeles, CA 90017*

5.     I served the party *(check proper box)*

       a.  [✗]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
              service of process for the party (1) on: *9/2/2020* (2) at: **01:36 PM**

       b.  [ ]  **by substituted service. On**: *at:* I left the documents listed in item 2 with or in the presence of *(name and title or*
              *relationship to person indicated in item 3):*

              (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
                        the person to be served. I informed him or her of the general nature of the papers.

              (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                        place of abode of the party. I informed him or her of the general nature of the papers.

              (3)  [ ]  **(physical address unknown)** a person of at least 18 years of  age apparently in charge at the usual
                        mailing address of the person to be served, other than a United States Postal Service post office box. I
                        informed him or her of the general nature of the papers.

              (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                        the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                        *on:*              *from:*              or [ ] a declaration of mailing is attached.

Page 1 of 3

Invoice # 3815102-02

EXH F pg. 9
**82**

| PLAINTIFF/PETITIONER: | Kyree Wilson, individually, and on behalf of other members of the general public similarly situated | CASE NUMBER: 20STCV32151 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ikea North America Services, LLC, an unknown business entity | |

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on:                         (2) from:

        (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

        (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☒  On behalf of *(specify):* **Ikea US Retail LLC, an unknown business entity**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☒ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: **Bruce Anderson**
  b.  Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
  c.  Telephone number: **800-687-5003**
  d.  **The fee for service was: $110.00**
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
        (i) ☐ owner   ☐ employee   ☒ independent contractor.
        (ii) Registration No.: **2016038577**
        (iii) County: **Los Angeles**

| PLAINTIFF/PETITIONER: | Kyree Wilson, individually, and on behalf of other members of the general public similarly situated | CASE NUMBER:<br>20STCV32154 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ikea North America Services, LLC, an unknown business entity | |

8. [×] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Bruce Anderson                                    Date: **09/04/2020**

# PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On September 4, 2020, I served the foregoing document(s) described as: **PROOF OF SERVICE OF SUMMONS [IKEA US RETAIL, LLC]** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

IKEA NORTH AMERICA SERVICES, LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

IKEA US RETAIL LLC
818 West 7th Street, Suite 930
Los Angeles, California 90017

IKEA DISTRIBUTION SERVICES INC.
818 West 7th Street, Suite 930
Los Angeles, California 90017

**[X]   BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**[X]   STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 4, 2020, at Glendale, California.

Valerie Palomo

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

PROOF OF SERVICE

EXH F pg. 12

85

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

20STCV32154                                                    September 1, 2020
KYREE WILSON, et al. vs IKEA NORTH AMERICA                              12:24 PM
SERVICES, LLC, et al.


Judicial Officer: None                      CSR: None
Judicial Assistant: M. Fregoso              ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None


APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 10/26/2020 at 02:00 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**20STCV32154**                                        September 1, 2020
**KYREE WILSON, et al. vs IKEA NORTH AMERICA**                    12:24 PM
**SERVICES, LLC, et al.**

Judicial Officer: None                     CSR: None
Judicial Assistant: M. Fregoso             ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of
this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS
PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

1

2

3

4

5

6

FILED
Superior Court of California
County of Los Angeles

SEP 01 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Marisela Fregoso

7       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8       **FOR THE COUNTY OF LOS ANGELES**

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| KYREE WILSON, RHONDA GUERRERO, individually, and on behalf of other members of the general public similarly situated, | **Case No.: 20STCV32154** |
| Plaintiff(s), | **INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)** |
| vs. | |
| IDEA NORTH AMERICA SERVICES, LLC, an unknown business entity; IKEA US RETAIL LLC, an unknown business entity; IKEA DISTRIBUTION SERVICES INC.; an unknown business entity; and DOES 1 through 100, inclusive, | Case Assigned for All purposes to Judge Elihu M. Berle |
| Defendant(s). | Department 6 Date: October 26, 2020 Time: 2:00 p.m. |

20

21

22

23

24

25

26

27

28

1     This case has been assigned for all purposes to Judge Elihu M. Berle in the

2  Complex Litigation Program.  An Initial Status Conference is set for October 26, 2020, at

3  2:00 p.m. in Department 6 located in the Los Angeles Superior Courts at United States

4  Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

5     Counsel for all parties are ordered to attend the Initial Status Conference remotely

6  via LA COURT CONNECT. The attorney portal can be found on the Court's website at

7  lacourt.org. NO PERSONAL APPERANCES WILL BE ALLOWED, unless special

8  permission is granted upon appropriate application.

9     Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

10 on all parties, within five (5) days of service of this order.  If any defendant has not yet

11 been served in this action, service is to be completed within twenty (20) days of the date of

12 this order.

13    The Court orders counsel to prepare for the Initial Status Conference by identifying

14 and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

15 ordered to initiate contact with counsel for defense to begin this process.  Counsel then

16 must negotiate and agree, as possible, on a case management plan.

17    Counsel must file a Joint Initial Status Conference Statement seven (7) calendar

18 days before the Initial Status Conference.  The Joint Initial Status Conference Statement

19 must be filed on line-numbered pleading paper and must specifically address each of the

20 below numbered items.  Do not use the Judicial Council Form CM-110 (Case Management

21 Statement).

22    **1.  PARTIES AND COUNSEL:** Please list all presently named plaintiffs

23        and/or class representatives and presently named defendants, together with all

24        counsel of record, including counsel's contact and email information.

25    **2.  ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency

26        and conservation of resource for the parties and court, the complex program

27        requires the parties in every new case to use a third-party cloud service, such as:

28        ■ Case Anywhere (www.caseanywhere.com),

1        ■ CaseHomePage (www.casehomepage,com), or

2        ■ File&ServeXpress (www.lexisnexis.com/fileandserve).

3        The parties are to select one of these vendors and submit the parties' choice

4        when filing the Joint Initial Status Conference Statement.  If the parties cannot

5        agree, the court will select the vendor at the Initial Status Conference.

6        Electronic service is not the same as electronic filing.  Only traditional methods

7        of filing by physical delivery of original papers or by fax filing are presently

8        available.

9    **3. CLAIMS AND DEFENSES:**  Set forth a brief description of the core factual

10   and legal issues, derived from Plaintiff's claims and defendant's defenses.

11   **4. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently

12   intend to add more plaintiffs and/or class representatives?  If so, and if known, by what

13   date and by what name will these parties be identified? Does any plaintiff presently intend

14   to name more defendants?  If so, and if known, by what date and by what name will these

15   defendants be identified?   Does any appearing defendant presently intend to file a cross-

16   complaint?  If so, who will be named as a cross-defendant?

17   **5. IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that

18   the complaint names the wrong person or entity, please explain.

19   **6. (For class actions) ADEQUACY OF PROPOSED CLASS**

20   **REPRESENTATIVE(S):**  Does any party contend one or more named plaintiffs might

21   not be an adequate class representative. If so, please explain.

22   **7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:**  What is

23   the estimated size of the putative class?

24   **8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS**

25   **DEFINITIONS:**  Are there other cases with overlapping class definitions? If so, please

26   identify the court, the short caption title, the docket number, and the case status.

27

28

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:**  Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:**  Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE:  By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:**  Counsel are to discuss a plan of discovery.  In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:**  Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:**  Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:**  Counsel to propose future dates for:

- The next status conference,
- A schedule for alternative dispute resolution,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

-4-

EXH F pg. 18

1      **PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise

2  provided in this Initial Status Conference Order, ***these proceedings are stayed, except for***

3  ***service of summons and complaint and filing of Notice of Appearance.*** This stay shall

4  preclude the filing of any answer, demurrer, motion to strike, or motions challenging the

5  jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of

6  identification of counsel and preparation of a service list. The filing such a Notice of

7  Appearance shall be without prejudice to any challenge to the jurisdiction of the Court,

8  substantive or procedural challenges to the Complaint, any affirmative defense, and the

9  filing of any cross-complaint in this action. This stay is issued to assist the Court and the

10  parties in managing this "complex" case. Although the stay applied to discovery, this stay

11  shall not preclude the parties from informally exchanging documents that may assist in

12  their initial evaluation of the issues presented in this case.

13

14

15

16

17

18                 SEP 0 1 2020

19  Dated: _____

20                          HON. ELIHU M. BERLE

                        JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/01/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fregoso _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Kyree Wilson  et al | |
| DEFENDANT/RESPONDENT:<br>Ikea North America Services, LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV32154 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 09/01/2020, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Edwin  Aiwazian
LAWYERS for JUSTICE, PC
410 Arden Ave
Ste 203
Glendale, CA  91203

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 09/1/2020

By:  M. Fregoso
      Deputy Clerk

EXH F pg. 20

93

**CERTIFICATE OF MAILING**