JS-6

FILED
CLERK, U.S. DISTRICT COURT
12/14/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYREE WILSON and RHONDA GUERRERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKEA NORTH AMERICA SERVICES, LLC; IKEA US RETAIL LLC; IKEA DISTRIBUTION SERVICES, INC.; and DOES 1–100, inclusive,<br><br>Defendants. | Case No.: CV 20-09075-CJC (ASx)<br><br><br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 13] |

## I. INTRODUCTION

Plaintiffs Kyree Wilson and Rhonda Guerrero filed this putative wage-and-hour class action against Defendants IKEA North America Services, LLC, IKEA US Retail LLC, IKEA Distribution Services, Inc. (collectively, "Ikea"), and unnamed Does in Los

-1-

Angeles County Superior Court. (Dkt. 1, Ex. A [Complaint, hereinafter "Compl."].) Defendants removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiffs' motion to remand. (Dkt. 13 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

**II. BACKGROUND**

Plaintiffs, hourly non-exempt employees at Ikea, allege that Ikea failed to pay them for all hours worked, including overtime and missed meal periods or rest breaks. (Compl. ¶¶ 20–23, 29–31.) In this case, they assert nine claims under California's Labor Code for (1) unpaid overtime wages, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) wages not timely paid during employment, (7) non-compliant wage statements, (8) failure to keep accurate payroll records, and (9) unreimbursed business expenses, as well as a tenth claim for (10) violations of California's Unfair Competition Law. (*See id.*) Plaintiffs assert these claims on behalf of a proposed class of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California." (*Id.* ¶ 16.)

Plaintiffs allege broadly that Ikea engaged in "a pattern and practice of wage abuse against their hourly-paid or non-exempt employees" that "involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law." (*Id.* ¶ 29.) The boilerplate allegations in the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 21, 2020 at 1:30 p.m. is hereby vacated and off calendar.

-2-

complaint assert that Ikea failed to properly compensate employees, forced them to work through required breaks, and failed to keep accurate records. (*See id.* ¶¶ 30–49.) Plaintiffs have not alleged any other facts about Ikea's policies or practices, the frequency of the alleged Labor Code violations, or the resulting damages.

Ikea removed the case to this Court, contending that the Court has CAFA jurisdiction because minimum diversity is met and the amount in controversy exceeds $5 million. The Court now considers Plaintiffs' motion to remand to state court, in which Plaintiffs argue that Ikea has failed to meet its burden to show the amount in controversy.

## III. LEGAL STANDARD

A defendant may remove a civil action brought in a state court but over which a federal court may exercise original jurisdiction. CAFA provides original federal jurisdiction over class actions in which the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court. . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). There is "no antiremoval presumption" in cases invoking CAFA because CAFA was enacted to facilitate federal courts' adjudication of certain class actions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* However, if the asserted amount in controversy is contested after removal, "[e]vidence establishing the amount is required." *Id.*; *see Harris v. KM Indus., Inc.*, 980 F.3d 694, 700–01 (9th Cir.

2020). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88. Ultimately, a removing defendant bears the burden of proving that the amount in controversy is met. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

## IV. DISCUSSION

Plaintiffs contend that this case must be remanded because Ikea has not properly established that the amount in controversy exceeds $5 million.[2] Ikea contends the amount in controversy is over $22 million.[3] (Dkt. 14 [Ikea's Opposition, hereinafter "Opp."] at 2–3.) Because Plaintiff contests the amount in controversy, Ikea must provide evidence to support its calculations. *Dart*, 574 U.S. at 89; *Harris*, 980 F.3d at 701. To this end, Ikea submits a seven-paragraph declaration from Christopher Blevins, its Human Resource Manager. (Dkt. 14-2 [hereinafter "Blevins Decl."].) Based on his review of company records, Blevins offers the following facts: (1) IKEA US RETAIL employed 5,285 non-exempt employees in California between January 1, 2017 to December 31, 2019, and (2) these employees worked a total of 374,913 workweeks in those three years. (*Id.* ¶¶ 3–7.) To estimate the amount in controversy for Plaintiffs' claims, Ikea assumed that *each* of these employees suffered *each* injury alleged in the complaint in *each* workweek. (*See* Opp. at 12–13.) It contends that its estimates are

---

[2] Plaintiffs do not dispute that the other two CAFA requirements—minimal diversity and minimum class size—are met.

[3] This number is made up of $6,030,000 on the unpaid overtime claim, $4,020,000 on the meal break claim, $8,040,000 on the unpaid minimum wage claim, and $4,522,500 in attorney fees, for a total of $22,612,500.

-4-

conservative, however, because it "undercounted workweeks by only including workweeks for the period 2017 through 2019," rather than the full four-year period, and "only including workweeks for the putative class members from IKEA US RETAIL," not the other Ikea entities. (Opp. at 13–14; *see id.* at 17.)

After reviewing the allegations in the Complaint and the evidence Ikea presents, however, the Court finds that Ikea's estimates rely on multiple layers of unreasonable, unsubstantiated, and unrealistic assumptions that find no support in any evidence submitted. In reaching this result, the Court finds the Ninth Circuit's recent decision in *Harris v. KM Indus., Inc.*, 980 F.3d 694 (9th Cir. 2020), especially helpful. In that case, the court reiterated that a district court need not perform "a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden." *Id.* at 701. Rather, courts should consider the evidence the parties offer, weigh the reasonableness of the removing party's assumptions, and then decide where the preponderance lies. *Id.* In *Harris*, the defendant assumed that every type of injury alleged in the complaint was suffered by each putative class member, and that each injury was suffered in each workweek. The court concluded that the defendant failed to carry its burden because it "failed to provide *any* evidence to support its assumption[s]." *Id.*

Similarly, here, Ikea presents thin evidence to support the amount in controversy: the number of employees and the number of workweeks for three calendar years. (Blevins Decl. ¶¶ 3–6.) It presents no evidence that *every employee* suffered all of the injuries alleged in the complaint. It does not present evidence (or even state) that each of the employees worked full time, or enough hours to deserve meal and rest breaks or overtime.[4] It takes another leap of logic to assume that each employee suffered the

---

[4] Ikea contends that Plaintiffs supply this allegation in their Complaint. But Plaintiffs allege only that they and other class members worked more than 8 hours a day or 40 hours per week during their

injuries alleged in the complaint *every workweek*. Again, Ikea offers no evidence to support that assumption.

Instead, Ikea argues that because Plaintiff alleges a "pattern and practice" of overtime and meal and rest break violations, it is reasonable to assume that every employee suffered these injuries every workweek. (Opp. at 12, 13, 14, 16; Compl. ¶ 29.) The Court disagrees. A removing defendant is entitled to make "reasonable assumptions" about violation rates to estimate the amount in controversy. *Ibarra*, 775 F.3d at 1198. But it is not reasonable to assume that, just because a plaintiff alleges a "pattern and practice" of labor law violations, each plaintiff suffered each alleged injury in each workweek. A "pattern and practice" of doing something does not necessarily mean *always* doing something. *Id.* at 1198–99. Nor does it mean that the alleged wrongful practice "is universally followed every time the wage and hour violation could arise." *Id.* at 1199. "Because the complaint does not allege that [Ikea] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [Ikea] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Id.* It has not done so. Rather, Ikea's assumptions are "pulled from thin air" without any "reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). Ikea therefore fails to carry its burden to show that there is $5 million in controversy in this case.

While the asserted $22 million amount in controversy is far above the $5 million threshold, it is not the Court's job to perform the mathematical calculations to justify it. *Harris*, 980 F.3d at 701. That is Ikea's burden. Even if the Court were to assume Ikea's burden, Ikea has failed to provide any information which would enable the Court to calculate more conservative estimates. Ikea's failure to present "real evidence" to

---

employment. (Compl. ¶ 28.) They do not allege how frequently this occurred, or make any other allegations that make the assumption that they did so every week reasonable.

support its assertions is particularly concerning because it appears some portion of Plaintiffs' claims have recently been settled in a related class action. *See Cahilig v. Ikea U.S. Retail, LLC*, Case No. 2:19-cv-01182-CJC-AS, Dkt. 61; (Dkt. 5 [Notice of Related Cases].). Given this reality, the amount in controversy is significantly less than $22 million even if Ikea's naked assumptions are accepted as true.

## IV. CONCLUSION

For the foregoing reasons, Ikea has not carried its burden to show that the Court has subject matter jurisdiction over this action under CAFA. Accordingly, Plaintiff's motion to remand is **GRANTED**, and this case is hereby **REMANDED** to Los Angeles County Superior Court.

DATED: December 14, 2020

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE